WESTERN DIST.
October, 1834.

DUNLAP
vs.
BAILEY.

## DUNLAP vs. BAILEY, EXECUTOR, &c.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF RAPIDES.

Where an executor is appointed, and directed in the will, to sell the property of the testator, and deliver the residue of the proceeds to the heir, he is authorised to take possession and sell it, without the *seizin* of the estate being expressly *given*.

The plaintiff, as attorney of the absent heirs of Jules Belot, deceased, applied to the judge of probates, for the parish of Rapides, for an injunction to restrain the defendant, as testamentary executor, from selling the property of said decedent, on the ground that he had *no seizin* of the property of the estate, given to him by the will. The petition alleges, that the executor has taken illegal possession of the effects of said estate, and has sold part of it, without any order or authority of court, and has advertised the real estate and slaves for sale, also without authority. The petitioner prays, that the executor be enjoined from proceeding any further, or from exercising any right of possession or disposal of said property, until he gives bond with security, for the faithful administration thereof.

On the first of November, 1832, Jules Belot made his olographic will, in which he declares, " after the payment of my debts, which will be operated by the sale of my house and lot, and all the goods and moveables that I may own at my death, I give unto my father for his life-time, my negro girl Vinia, who is to be free at his death ; " and any balance

arising from the sale of his property, after paying his debts, he bequeathes to the foundling hospital in Paris, &c. His father having died before him, the testator, on the 12th September, 1833, made the following codicil to his will:

"My father being dead, the dispositions in his favor are by this subsided, but it is my wish, that the balance of the clauses of the said will, remain the same as heretofore; and to insure it the better, I nominate Mr. Wm. Bailey for my testamentary executor, and beg of him to make his best exertions, to send to my daughter the whole of my property, or to send for her in France, and put her in some respectable house of this country, where she can get a good honest education, and for this last service, that I will receive of him, I give him *ten per cent.*, on every net sum that will be collected out of my estate."

The will was admitted to probate, on the 8th July, 1834. The executor proceeded to take possession of the property, and dispose of it under the will. The plaintiff, as attorney for the absent heirs, was of opinion, the executor was not entitled to the *seizin*, by the terms of the will, applied for an injunction, which was refused by the probate judge. The plaintiff appealed from the order of *refusal*.

The only documents and evidence, upon which the proceedings were had, was the petition and copy of the will. The probate judge granted the appeal.

The case was explained by *Mr. Dunlap, in propriâ personâ,* and by *Mr. Dunbar,* for the defendant.

*Martin J.,* delivered the opinion of the court.

The plaintiff being attorney of the absent heirs of Belot, is appellant from the decision of the Court of Probates, refusing to enjoin the defendant from exercising any right, or act of possession, in relation to the property belonging to the estate of Belot, until he shall first give bond and security for his faithful administration.

The injunction was prayed for on a suggestion that the will does not give the seizin of the property of the estate to the executor; and that the latter had, notwithstanding this,

47

WESTERN DIST.   want of authority, advertised the property for sale, and was
October, 1834.   about to sell it, without first obtaining the order of the Court
                 of Probates, for that purpose.

DUNLAP
vs.
BAILEY.

It is admitted on the part of the defendant, that the proper-
ty was offered for sale, without any order of court, but that
this was an error which has since been cured.

The testator directs, that the payment of his debts be
effected by the sale of his house and lot, and of his goods. He
bequeathes to his father a life estate in a slave, who is to be
emancipated after his death. Whatever is left from the sale
of his estate, after the payment of his debts, he gives to a
hospital in Paris, in France, for the benefit of his daughter,
whom he left there.

The father dying first, the testator by a codicil appointed
the defendant his executor, and directed him to send his
property to his daughter.

*Where an ex-
ecutor is ap-
pointed, and di-
rected in the
will, to sell the
property of the
testator, and de-
liver the residue
of the proceeds
to the heir, he
is authorised to
take possession
and sell it, with-
out the seizin of
the estate being
expressly given.*

It appears from the will, that the testator made his daughter
his universal legatee, and directed his executor to transmit
the residue of his estate to her. This could not be effected in
any other mode than by a sale of the property. It could not
be made in kind as respects the house and lot, or the slave,
even if the latter be not entitled to her freedom. The execu-
tor could not execute the will, without taking possession of
the property and selling it, when the heir was in France.
The Court of Probates did not, therefore, err, in refusing
the injunction.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the Probate Court be affirmed, the appellant
paying all costs.